D.C. No. 1:22-cv-00435-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In Re: PANIOLO CABLE COMPANY, LLC,

                                          Debtor.

WAIMANA ENTERPRISES INC.,

                                          Appellant,

v.

HAWAIIAN TELCOM, INC., et al.,

                                          Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

NO. HI-22-01179

HON. ROBERT J. FARIS

**APPELLANTS' REPLY BRIEF**

                                    WILLIAM MEHEULA  2277
                                    MEHEULA LAW, LLLC
                                    Three Waterfront Plaza, Suite 499
                                    500 Ala Moana Boulevard
                                    Honolulu, Hawaii 96813
                                    Telephone No.: (808) 599-9554
                                    Email: bill@meheulalaw.com

                                    Attorney for Appellants
                                    WAIMANA ENTERPRISES INC.,
                                    PA MAKANA LLC, and
                                    CLEARCOM, INC

# TABLE OF CONTENTS

I.   ARGUMENT ....................................................................................................2

II.  CONCLUSION ................................................................................................8

CERTIFICATE OF COMPLIANCE ...................................................................9

CERTIFICATE OF SERVICE ............................................................................10

# TABLE OF AUTHORITIES

## Cases

*Bank of Am., N.A. v. Reyes Toledo*, 143 Hawaiʻi 249, 259, 428 P.3d 761, 771 (2018), as corrected (Oct. 15, 2018) .................................................................2, 3

Bremer v. Weeks, 104 Hawaiʻi 43, 85 P.3d 150 (2004) ............................................6

*In re Connect America Fund; Sandwich Isles Communications, Inc.*, Federal Communications Commission, WC Docket No. 10- 90; CC Docket No. 96-45, *1, n.1 (FCC 17-85, July 3, 2017) .......................................................................4

*Kiehm v. Adams*, 109 Hawaiʻi 296, 302 n.16, 126 P.3d 339, 345 n.16 (2005) .........6

*Leslie v. Estate of Tavares*, 93 Hawaiʻi 1, 4, 994 P.2d 1047, 1050 (2000) ...............3

## Rules

Haw. R. Civ. P. Rule 8(a)(1) (2000) ..........................................................................3

HAR §10-4-21(b) .......................................................................................................5

## Other Authorities

HHCA § 207(c)(1) .....................................................................................................5

*Restatement of Property § 512 (1944)* .....................................................................6

D.C. No. 1:22-cv-00435-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Case No. HI-22-01179 (RJF) |
| PANIOLO CABLE COMPANY, LLC, | |
| Debtor. | |
| _____ | |
| WAIMANA ENTERPRISES INC., | |
| Appellant, | |
| vs. | |
| HAWAIIAN TELCOM, INC.; DEPARTMENT OF HAWAIIAN HOME LANDS, STATE OF HAWAIʻI; TRUSTEE MICHAEL KATZENSTEIN, | |
| Appellees. | |

# REPLY BRIEF OF APPELLANTS

## I.  ARGUMENT

Appellants WAIMANA ENTERPRISES INC. ("**Waimana**"), PA MAKANA LLC ("**Pa Makana**") and CLEARCOM, INC ("**Clearcom**") (collectively "**Appellants**") submit this Reply in response to HTI's Opposition Brief to Appeal of Dismissal of the First Amended Complaint (Dkt # 21) ("**Opposition**").

Appellants agree with the Opposition that Counts I to III and ¶ 66 of Count V turn on the Appeal in Case No. 1:22-cv-00327 ("**Final Relief Appeal**"), and in that regard, Appellants incorporate by reference Wamana's Opening and Reply Briefs in that case.

However, Appellants' claim for intentional interference of contract in Count IV and declaratory relief sought in ¶¶ 67-68 of Count V are not precluded, because, even if the Final Relief Appeal is affirmed (and it should not be), HTI obtained SIC's License 372 rights but not Appellants' rights.  Moreover, SIC's License 372 rights are limited to telephone and do not include wireless that was assigned to Pa Makana and broadband (internet) that was assigned to Clearcom.  First Amended Complaint Dkt # 28 ("**FAC**") ¶¶ 15-19, 31, 34.  Thus, HTI's use of the Paniolo Network for wireless and broadband telecommunications directly interferes with Appellants' License 372 rights.

Because Appellants' claims asserted in Count IV and ¶¶ 67-68 of Count V should eventually be resolved in State Court, *see* Appellant's Reply to the Remand Denial Appeal, dismissal of the FAC should be reviewed under Hawaiʻi's notice pleading standard. *Bank of Am., N.A. v. Reyes Toledo*, 143 Hawaiʻi 249, 259, 428 P.3d 761, 771 (2018), as corrected (Oct. 15, 2018). "Under Hawaiʻi's notice pleading approach, it is "[not] necessary to plead legal theories with ... precision." *Leslie v. Estate of Tavares*, 93 Hawaiʻi 1, 4, 994 P.2d 1047, 1050 (2000). The pleading need only (1) contain "a short and plain statement of the claim showing that the pleader is entitled to relief" [Haw. R. Civ. P. Rule 8(a)(1) (2000)]; and (2) "give[ ] the defendant fair notice of the claim and the ground upon which it rests." *Bank of America, N.A.*, 143 Hawaiʻi at 259, 428 P.3d at 771 rejected the *Twombly* "plausibility" standard in favor of the "notice pleading" standard,

Regardless of the standard, contrary to the Opposition argument at 15-16, the intentional act and damage elements were not sufficiently plead.

Opposition argument at 15 that the DHHL right of entry "is in no way harmful, malicious or wrongful" is not true with respect to HTI's continued transmission of wireless and broadband from the Paniolo Network because SIC's License 372 rights only included transmission of telephone telecommunications. FAC ¶ 16 alleges:

> 16. The SIC Partial Assignment is expressly limited to "***IntraLata and Intrastate telecommunication services***", which means "limited to local,

3

intrastate, interstate and international telephone" on HHL ("**voice only service**").  Consistent with that voice only service limitation and area of service limitation, SIC was granted a Certificate of Authority from the Hawaii Public Utilities Commission to provide voice only services on HHL.

DHHL and the FCC understood this.  DHHL's position statement filed on 4/11/22 (Dkt # 669 at 4) states:

> *In re Connect America Fund; Sandwich Isles Communications, Inc.*, Federal Communications Commission, WC Docket No. 10- 90; CC Docket No. 96-45, \*1, n.1 (FCC 17-85, July 3, 2017)1. "In 1996, DHHL granted a partial assignment of the Exclusive License to" SIC. *Id.* The partial assignment covered all rights, title and interest to provide intralata and intrastate telecommunications services. *Id.*

On the other hand, Pa Makana's Partial Assignment of License transferred to Pa Makana "those certain rights, title and interest necessary to provide *wireless communications services of all types*".  FAC ¶ 16 and Ex. D.  And Clearcom's Partial Assignment of License transferred to Clearcom "those certain rights, title and interest necessary to provide *broadband communications services of all types*".  FA7 and Ex. E.  Therefore, without an agreement with Pa Makana and Clearcom, HTI cannot use the Paniolo Network to deliver wireless or broadband services.  The Trustee understood this and insisted that Waimana bind Pa Makana and Clearcom to the 9019 Settlement Agreement.  Dkt # 271 at 1.

Opposition at 16 conflates the types of telecommunications services (telephone, wireless and broadband) with the exclusive right to possess areas on Hawaiian Home Lands ("**HHL**") that were developed by Appellants under License

372. Opposition at 16 in footnote 11 accused Appellants of being "at sea as to whether exclusivity is tied to Waimana" or its assigns. License 372 granted Waimana exclusive possession of areas it developed on HHL defined in section 23 as "premises". *See* Opening brief at 14-16. SIC, Pa Makana and Clearcom are subsidiaries and assignees of Waimana. Thus, for the areas of HHL that Clearcom developed, Clearcom is entitled to exclusive possession of these premises. HTI is currently trespassing on those premises.

HHCA § 207(c)(1) states: "Any license issued under this subsection shall be subject to such terms, conditions and restrictions as the department shall determine. . . ." HAR §10-4-21(b) similarly provides: "The department may negotiate the issuance of a license. The department shall determine such terms and conditions of a license as it deems prudent, reasonable, and proper and in accordance with this chapter and subject to the commission's approval."

In License 372, DHHL negotiated and HHC approved the terms that clearly set forth Waimana's exclusive possessory rights and exclusive rights of access to section 23 "premises".

Under HHCA § 207(c)(1) and HAR §10-4-21(b), DHHL had the discretion to negotiate Sections 17-20, 23 and 25 and HHC approved these terms in License 372 that were partially assigned to SIC, Pa Makana and Clearcom. FAC Exs. A-E.

5

No utility would spend millions of dollars installing telecommunications infrastructure on HHL if it did not have exclusive possessory rights and exclusive rights of entry to these areas. As would be expected, DHHL carved out rights of entry for itself to inspect the premises to determine if the premises were being maintained and to ensure compliance with the provisions of the license (sections 18 and 20), and the right to regain possession if Licensee breached License 372 or abandoned the premises, at which point DHHL could "take immediate possession of the premises" (section 19).

*Kiehm v. Adams*, 109 Hawaiʻi 296, 302 n.16, 126 P.3d 339, 345 n.16 (2005) defined license as:

> This court most recently defined a license with respect to real property in *Bremer v. Weeks,* 104 Hawaiʻi 43, 85 P.3d 150 (2004). There, we noted that a license "denotes an interest in land in the possession of another which (a) entitles the owner of the interest to a use of the land, and (b) arises from the consent of the one whose interest in the land used is affected thereby, and (c) is not incident to an estate in the land, and (d) is not an easement." *Id.* at 68 n. 28, 85 P.3d at 175 n. 28 (*quoting Restatement of Property § 512 (1944)*).

In other words, DHHL and HHC consented to Appellants' exclusive possession of premises they developed telecommunications infrastructure on where DHHL only reserved the right to repossess the premises as indicated in Sections 18, 19 and 20. DHHL did not reserve the right to allow third parties to access or use the premises; instead DHHL would need to first regain possession under

6

section 19.  To date, DHHL has not sought to regain or regained possession of License 372 premises.

Opposition at 16 argues that the FCC Order preempted Appellants License 372 exclusive possession of section 23 premises.  The FCC Order, however, did not determine that Appellants can no longer use License 372 "premises", which is a small part of HHL, to compete with companies that may obtain DHHL licenses to develop other areas of HHL.  Notably, the FCC Order at paragraph 16 states: "As the Commission has held, "[S]ection 253(a), at the very least, proscribes State and local legal requirements that prohibit all but one entity from providing telecommunications services in a particular State or locality."  Emphasis added.  In fact, section 25 of the FCC Order points out that the FCC never intended to terminate Appellants' rights under License 372, other than its exclusive right to build telecommunications on all of DHHL's lands.  Thus, based on the FCC Order, Appellants no longer have the exclusive right to build telecommunications infrastructure on all HHL.  Appellants' competitors are now free to negotiate licenses with DHHL for other portions of HHL but not on License 372 "premises".  Similarly, once HTI obtains a DHHL license, Appellants will not be able to trespass on its premises that HTI may develop pursuant to its license.

The FAC should not have been dismissed because the Final Relief Order is inconsistent with the MRA and, even if the Final Relief Order is affirmed, Count

IV and ¶¶ 67-68 of Count V should survive because HTI did not obtain any of Appellant's License 372 rights.

## II. CONCLUSION

The FAC Dismissal Order should be reversed and remanded.

Date: Honolulu, Hawaii, May 24, 2023.

/s/ *William Meheula*
WILLIAM MEHEULA

Attorney for Appellants
WAIMANA ENTERPRISES INC.,
PA MAKANA LLC, and
CLEARCOM, INC

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains <u>1,471</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Word in 14-point Times New Roman, or

☐ this document has been prepared in a monospaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)*.

/s/ <u>William Meheula</u>                    Date: <u>May 24</u>, 2023.

## CERTIFICATE OF SERVICE

D.C. No. 1:22-cv-00435-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants:

**Description of Document(s):**

REPLY BRIEF in HI-22-01179

/s/ *William Meheula*                    Date:  May 24, 2023.